IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:07CV00408

| | |
|---|---|
| EQUAL EMPLOYMENT )<br>OPPORTUNITY COMMISSION, )<br>    )<br>    Plaintiff, )<br>    )<br>v.    )<br>    )<br>BRITTHAVEN, INC., )<br>    )<br>    Defendant. )<br>    )<br>_____ ) | **COMPLAINT**<br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Katherine Hance and other similarly situated pregnant employees who were adversely affected by the practices. The Commission alleges that Defendant Britthaven, Inc. discriminated against Katherine Hance and other similarly situated female employees by implementing an unwritten policy which requires pregnant employees to provide a doctor's note certifying that the pregnant employee can continue to work. In addition, the Commission alleges that Defendant Britthaven, Inc. prohibited pregnant employees from working if they failed to provide a doctor's note or the doctor's note included any work restrictions.

-1-

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f) (1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f) (1) and (3) and -6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and -6.

4.      At all relevant times, Defendant Britthaven, Inc. ("Defendant") has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Greensboro and has continuously had at least fifteen employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Katherine Hance filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2002, Defendant has engaged in unlawful employment practices at its facilities located in North Carolina, Virginia and Kentucky, in violation of Section 703(a)(1) and 707 of Title VII, 42 U.S.C. § 2000e-2(a)(1) and -6, as set forth below:

    a. Defendant instituted an unwritten policy requiring all pregnant employees to provide a doctor's note certifying their ability to work;

    b. Defendant subjected Katherine Hance and other similarly situated pregnant employees to discriminatory terms and conditions of employment by requiring them to provide a doctor's note certifying that they were able to work without restrictions; and

    c. Defendant discharged, or forced to take leave, Katherine Hance and other similarly situated pregnant employees because of their pregnancy.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Katherine Hance and other similarly situated female (pregnant) employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (pregnancy).

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Katherine Hance and other similarly situated female (pregnant) employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of sex, including pregnancy.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Katherine Hance and other similarly situated pregnant employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D. Order Defendant to make whole Katherine Hance and other similarly situated pregnant employees by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above in amounts to be determined at trial.

E. Order Defendant to make whole Katherine Hance and other similarly situated pregnant employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights in amounts to be determined at trial.

F. Order Defendant to pay Katherine Hance and other similarly situated pregnant employees punitive damages for its malicious and reckless conduct, as described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


DATED this 23rd day of May, 2007.

    Respectfully submitted,

    RONALD S. COOPER
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel
    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    1801 L Street, N.W.
    Washington, D.C.  20507

    /s/ Lynette A. Barnes
    LYNETTE A. BARNES
    Regional Attorney

    TINA BURNSIDE
    Supervisory Trial Attorney
    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    Charlotte District Office
    129 West Trade Street, Suite 400
    Charlotte, North Carolina 28202

    /s/ Zoë G. Mahood
    ZOË G. MAHOOD
    Senior Trial Attorney
    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    Raleigh Area Office
    1309 Annapolis Drive
    Raleigh, North Carolina 27608
    Tel: 919.856-4080
    Fax: 919.856-4156
    Zoe.Mahood@eeoc.gov

    ATTORNEYS FOR PLAINTIFF